James Weiler; AZ Bar No. 034371
Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
jweiler@zoldangroup.com
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Linda Wright,** Individually and on Behalf of All Others Similarly Situated; | Case No. |
| Plaintiffs, | |
| v. | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **Richardson's Cuisine of New Mexico, Inc.,** a New Mexico company; **Burning Embers Fish and Steakhouse, LLC,** an Arizona company; **Vino Di Rico, LLC,** an Arizona company; and **Richardson Browne,** an Arizona resident; | **(Jury Trial Requested)** |
| Defendants. | |

Plaintiff Linda Wright, individually, and on behalf of all other persons similarly situated, allege as follows:

## PRELIMINARY STATEMENT

1. Richardson's Cuisine of New Mexico, Inc.; Burning Embers Fish and Steakhouse, LLC; Vino Di Rico, LLC; and Richardson Browne (collectively

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

"Defendants") required and/or permitted Plaintiff and the Collective Members to work as servers at their restaurants in excess of 40 hours per week but refused to compensate them at the applicable minimum wage and overtime rates.

2.      Plaintiff and the Collective Members are current and former servers employed by Defendants and bring this action on behalf of themselves and all similarly-situated current and former servers who were compensated on an hourly basis, and who were not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek and not paid their minimum wages.

3.      Plaintiff and the Collective Members bring this action against Defendants for their unlawful failure to pay overtime and minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

4.      This action is also brought against Defendants for their unlawful failure to pay minimum wage in violation of A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**").  Plaintiff and the Collective Members, therefore, brings a class action pursuant to Rule 23 to recover unpaid wages and other damages owed under the Arizona wage laws.

5.      This action is also brought to recover minimum wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA and Arizona Minimum Wage Statute

6.      This is an action for equitable relief, minimum wages, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and Arizona Minimum Wage Statute.

7.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

8.     This is a collective action / class action for unpaid minimum wage, overtime wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and Arizona Minimum Wage Statute.

## JURISDICTION AND VENUE

9.     Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

10.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*.

11.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

12.    Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs

13.    At all relevant times to the matters alleged herein, Plaintiff Linda Wright resided in the State of Arizona.

14.    At all material times, Wright was a full-time, non-exempt employee of Defendants from on or around August 11, 2013 until on or around August 21, 2017.

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

15.     At all relevant times during her employment, Wright was employed to perform various tasks, such as taking food orders, running food, and assisting with customer needs.

16.     At all relevant times, Wright was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1) and was a non-exempt employee.

17.     Defendant Richardson's Cuisine of New Mexico, Inc., is New Mexico company, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

18.     Defendant Burning Embers Fish and Steakhouse, LLC, is an Arizona company, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

19.     Defendant Vino Di Rico, LLC, is an Arizona company, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

20.     Richardson Browne is the owner of the previously identified corporate entities and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

21.     Defendant Richardson Browne had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants' corporate entities in relation to their employees,

Richardson   Browne is subject to individual liability under the FLSA and Arizona Minimum Wage Statute.

22.     Further, at all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose.

23.     Defendants are a restaurant and bar.

24.     Plaintiff and the Collective Members are further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

25.     Defendants, and each of them, are sued in both the individual and corporate capacities.

26.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff and the Collective Members.

27.     Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000.

## COLLECTIVE ACTION ALLEGATIONS

28.     Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

29.     Plaintiff Wright brings this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).  Plaintiff and the similarly situated individuals worked as servers and bartenders (or in a position with similar job titles or job

duties) for Defendants.  The proposed collective class for the FLSA claim is defined as follows:

> **All persons who worked as servers and bartenders (or in other positions with similar job titles or job duties) for Defendants at any time from three years prior to the filing of this Complaint through the entry of judgment (the "Collective Members").**

30.     Plaintiff has given her written consent to be a party Plaintiff in this action pursuant to U.S.C. § 216(b).  Plaintiff's signed consent form is attached as **"Exhibit 1"**. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

31.     At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay and one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work and have not been their minimum wages.  Plaintiff's claims stated herein are essentially the same as those of the Collective Members.  This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff are identical or substantially similar.

32.     Plaintiff and the Collective Members routinely worked over forty (40) hours in a workweek and were not compensated by Defendants for all overtime pay for the hours they worked over forty in a workweek.

33.     Plaintiff and the Collective Members routinely worked hours for Defendants where they were not compensated their FLSA minimum wages by Defendants for all hours worked.

34.     Defendants are aware that Plaintiff and the Collective Members, upon information and belief, those similarly situated work(ed) under these conditions, and yet Defendants still denied them overtime and minimum wage compensation.

35.     The Collective Members perform or have performed the same or similar work as the Plaintiff.

36.     The Collective Members regularly work or have worked in excess of forty (40) hours during a given workweek.

37.     The Collective Members have not received all their minimum wages for all hours worked for Defendants.

38.     The Collective Members are not exempt from receiving overtime or minimum wage pay.

39.     As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime pay.

40.     Defendants' failure to pay overtime and minimum wage compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Collective Members.

41.     The experiences of Plaintiff, with respect to his pay, are typical of the experiences of the Collective Members.

42.     All class members, irrespective of their particular job requirements and job titles, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

43.     All class members, irrespective of their particular job requirements and job titles, are entitled to minimum wage compensation for hours worked.

44.     Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula.  The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

45.     Defendants uniformly misrepresented to Plaintiff and other account representatives that they were not entitled to minimum wages or full overtime wages.  In reality, Plaintiff and other similarly situated employees are, and were, non-exempt employees who are, and were, entitled to overtime and minimum wage pay.

46.     Defendants failed to make, keep, and preserve records of hours worked by Plaintiff and other account representatives.

47.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff and all other account representatives.

48.     Notice of this action should be sent to all similarly situated account representatives.

49.     There are numerous similarly situated current and former employees of Defendants who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

case. Those similarly stated employees are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ACTION ALLEGATIONS

50.    Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

51.    Plaintiff Wright brings her Arizona wage claim as a Rule 23 class action on behalf of the following class:

> **All persons who work(ed) as servers (or in other positions with similar job titles or job duties) for Defendants at any time from three years prior to the filing of this Complaint through the entry of judgment.**

52.    <u>Numerosity</u>.  The number of members is believed to be over one hundred (100).  This volume makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member as a plaintiff in this action is impracticable.  Furthermore, the identity of the members will be determined from Defendants' records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the members.

53.    <u>Typicality</u>.  Plaintiff Wright's claims are typical because like the members, Plaintiff Wright was subject to Defendants' uniform policies and practices and was compensated in the same manner as others.  Defendants failed to pay non-exempt servers minimum wages for hours worked.  Plaintiff Wright has been uncompensated and/or under-compensated as a result of Defendants' common policies and practices which failed to comply with Arizona law.

ZOLDAN LAW GROUP, PLLC

14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

54.     <u>Adequacy</u>.   Plaintiff Wright is a representative party who will fairly and adequately protect the interests of the members because it is in her interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Arizona law.  Plaintiff Wright has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff Wright does not have any interest that may be contrary to or in conflict with the claims of the members she seeks to represent.

55.     <u>Commonality</u>.   Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

a.     Whether Defendants failed to pay Plaintiff Wright and the members the minimum wage for all hours worked;

b.     Whether Plaintiff Wright and the members worked more than forty (40) hours in a given workweek;

c.     Whether Defendants failed to pay Plaintiff Wright and the members overtime wages for all hours worked over forty (40) hours in a given workweek;

56.     The common issues of law include, but are not limited to:

a.     Whether Plaintiff Wright and the members are entitled to liquidated damages;

b.     The proper measure of damages sustained by Plaintiff Wright and the members; and

c.     Whether Defendants' actions were "willful."

57.     <u>Superiority</u>.   A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member could afford to pursue individual litigation against companies the size of Defendants, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense

to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

58.    A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.  The identity of members is readily identifiable from Defendants' records.

59.    This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on each Defendant to prove it properly compensated its employees; and (3) the burden is on each Defendant to accurately record hours worked by employees and meal periods taken.

60.    Ultimately, a class action is a superior forum to resolve the Arizona claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to pay the members according to applicable Arizona laws.

61.    Nature of notice to be proposed.  As to the Rule 23 Class, it is contemplated that notice would be issued giving members an opportunity to opt out of the class if they so desire, i.e., "opt-out notice."  Notice of the pendency and resolution of the action can be provided to the members by mail, electronic mail, print, broadcast, internet, and/or multimedia publication.

**FACTUAL ALLEGATIONS RELATING TO PLAINTIFF WRIGHT**

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

62.     Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

63.     On or around August 11, 2013, Wright began employment with Defendants as a server and bartender, performing various tasks, such as taking food and drink orders, running food, and assisting with customer needs.

64.     Plaintiff did not have supervisory authority over any employees.

65.     Plaintiff did not possess the authority to hire or fire employees.

66.     Plaintiff did not possess the authority to make critical job decisions with respect to any of Defendants' employees.

67.     Plaintiff did not direct the work of two or more employees.

68.     Plaintiff did not exercise discretion and independent judgment with respect to matter of significance.

69.     Plaintiff was not a manager.

70.     Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise.

71.     Plaintiff routinely worked with knowledge of Defendants, and often at Defendants' request, in excess of 40 hours per week.

72.     Specifically, during her employment, Plaintiff routinely worked in excess of 40 hours per week and was not paid the premium one-and-one-half times his regular rate as required under the FLSA for hours worked over 40 in a workweek.  For example, Plaintiff routinely worked over 60 hours in one week, and was not paid an overtime premium for the hours she worked over forty in the workweek.

73.     Defendants are in violation of the FLSA's tipped-employee compensation provision, 29 U.S.C. § 203(m), which requires employers to pay a tipped employee a minimum of $2.13 per hour.  Defendants also violated 29 U.S.C. § 203(m) when they failed to notify Plaintiff and the Collective Members about the tip credit allowance (including the amount to be credited) before the tip credit was utilized.  That is, Plaintiff and the Collective Members were never made aware of how the tip credit allowance worked or what the amounts to be credited were.  Because Defendants violated the FLSA's tip allowance and notice requirements, Defendants lose the right to take a tip credit toward minimum wage.

74.     Furthermore, Defendants are in violation of Arizona's tipped employee compensation provision, ARS ¶ 23-363(C), which provides that "the employer may pay a wage up to $3.00 per hour less than the minimum if the employer can establish…that for each week, when adding tips received to wages paid, the employee received not less than the minimum wage for all hours worked."  Defendants failed to compensate Plaintiff and the Collective Members with wages for hours worked in violation of the Arizona Minimum Wage Statute.

## EQUITABLE TOLLING

75.     The doctrine of equitable tolling preserves a plaintiff's full claim when a strict application of the statute of limitations would be inequitable.  *See Partlow v. Jewish Orphans' Home of S. Cal., Inc*., 645 F.2d 757, 760-61 (9th Cir. 1981), abrogated on other grounds by *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989).

76.     Equitable tolling is proper when an employer has engaged in misleading conduct.  Defendants intentionally misled Plaintiffs and the Collective Members into believing that they were not required to pay them minimum wage and/or overtime for hours

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

worked in excess of forty (40) hours per workweek.  Defendants coerced Plaintiffs and the Collective Members into believing that their tips should cover the minimum wages. Consequently, Plaintiffs and the Collective Members were victims of fraud and unable to ascertain any violation taking place.

77.     Thus, the statute of limitations for Plaintiffs and the Collective Members should be equitably tolled due to Defendants' fraudulent concealment of Plaintiffs and the Collective Members' rights.  Plaintiffs and the Collective Members therefore seek to have the limitations period extended from the first date that Defendants used this covert payroll practice up to the time each Plaintiff joins this lawsuit.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE AND/OR REFUSAL TO PAY OVERTIME**
**(COLLECTIVE ACTION)**

78.     Plaintiff, on behalf of herself and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

79.     Plaintiff and the Collective Members were non-exempt employees entitled to the statutorily mandated overtime wages.

80.     While employed by Defendants, Plaintiff and the Collective Members worked tens of hours of overtime per week each and every workweek for which they worked for Defendants, and Defendants did not pay to Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for all such time.

81.     As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members all overtime according to the provisions of the FLSA.

82.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

83.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA.

84.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

85.    Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

86.    As a result of Defendants failure or refusal to pay Plaintiff and the Collective Members a wage equal to one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT TWO: FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206 (COLLECTIVE ACTION)

87.    Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

88. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

89. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

90. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

91. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving any compensation in accordance with 29 U.S.C.§ 206.

92. In addition to the amount of unpaid minimum wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

93. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated anything for time worked and failed to pay proper minimum wages. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

94. Defendants have not made a good faith effort to comply with the FLSA.

95. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

**COUNT THREE: FAILURE TO PAY MINIMUM WAGE – ARIZONA**
**MINIMUM WAGE STATUTE**
**(CLASS ACTION)**

96. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

97. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

98.    Defendants intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the Arizona Minimum Wage Statute.

99.    In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

100.   Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A.    Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    For the Court to declare and find that the Defendants committed one or more of the following acts:

i.    violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

ii.    willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

iii.    violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

iv.    willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

v.    violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

vi.    willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g) and all other causes of action set forth herein;

F.    For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

G.    Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff and the Collective Members hereby demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED December 21, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ James Weiler
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiffs

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com